UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICAN SURPLUS, INC.

        VS                                                21-cv-348 WES-PAS

AM DOOR SUPPLY COMPANY, INC.
MARK WELLS
MICHELLE WELLS
MICHAEL WELLS
WELLS INVESTMENT PROPERTIES

ANSWER OF MICHELLE WELLS AND MICHAEL WELLS

1.     Admit

2.     Admit

3.     Admit that Michelle Wells and Michael Wells reside in Warren, Ohio. Deny all allegations as to Mark Wells, who has no affiliation with Michelle Wells and Michael Wells and has not been served in this action. Denied that Wells Investment Properties is an entity. Deny that Michelle Wells and Michael Wells do business as Wells Investment Properties.

4.     Denied

5.     Denied as this action has been removed from the Superior Court.

6.     Denied as this action has been removed from the Superior Court.

7.     Denied

8.     Denied

9. Denied

10. Denied

11. Denied

12. Denied

13. Denied

14. Denied

15. Admit that a payment was wired. Denied as to the remainder.

16. Denied

17. Denied

18. Denied

19. Denied

20. Denied

21. Denied\

22. Admit that a payment of $80,000.00 was wired by Plaintiff. Denied as to the remainder.

23. Admit that a payment of $75,000.00 was wired by Plaintiff. Denied as to the remainder

24. Admit

25. Denied

26. Denied

27. Admit that Michael Cienava II flew to Ohio. Denied as to the remainder.

28. Admit that three more shipments were delivered. Denied as to the remainder.

29. Denied

30. Denied

31. Denied

32. Denied

33. Denied

34. Denied

35. Denied

36. Denied

37. The answers to the allegations previously provided are restated.

38. Denied

39. Denied

40. Denied

41. Denied

42. The answers to the allegations previously provided are restated.

43. Denied

44. Denied

45. Denied

46. Denied

47. Denied

48. Denied

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

54. Denied

55. Denied

56. The answers to the allegations previously provided are restated.

57. Denied

58. Denied

59. Denied

60. Denied

61. Denied

62. Denied

63. Denied

64. The answers to the allegations previously provided are restated.

65. Denied

66. Denied

67. Denied

68. Denied

69. Denied

70. Denied

71. The answers to the allegations previously provided are restated.

72. Denied

73. Denied

74. Denied

75. The answers to the allegations previously provided are restated.

76. Denied

77. Denied

78. Denied

79. Denied

80. Denied

Plaintiff's complaint fails to state a claim upon which relief may be granted

First Affirmative Defense

Wells Investment Properties does not exist and there is no basis for any obligation by a non-existent entity to Plaintiff

Second Affirmative Defense

Michael Wells did not sign any documents obliging him to the Plaintiff and did not enter into any agreement with Plaintiff

Third Affirmative Defense

Defendants plead the Affirmative Defense of Statute of Frauds

Fourth Affirmative Defense

There is no stand alone cause of action for the Breach of the Covenant of Good Faith and Dealing under Rhode Island law.

Fifth Affirmative Defense

Plaintiff's complaint for conversion fails as a matter of law as conversion requires the intentional exercise of dominion or control over another's property such that the owner is deprived of the property by the unauthorized act and/or conduct of the other.

Sixth Affirmative Defense

Plaintiff did not justifiably rely on any statements of defendants, Michelle Wells or Michael Wells

Seventh Affirmative Defense

Plaintiff has not fully complied with its claimed obligations under the contract which it claims to be in effect by paying only $155,000.00 to Michelle Wells.

Eighth Affirmative Defense

Defendants plead the affirmative defense of offset

Ninth Affirmative Defense

Plaintiff has not mitigated its damages

Tenth Affirmative Defense

Plaintiff has been unjustly enriched

Eleventh Affirmative Defense

Plaintiff did not transmit Michelle Wells a bid sheet signed by Plaintiff within ten days.

Twelfth Affirmative Defense

Plaintiff was aware that it was not being provided 100,000 square feet of mezzanine.

Thirteenth Affirmative Defense

Plaintiff has disposed of materials provided to it without paying pursuant to the purported agreement.

Fourteenth affirmative Defense

Defendants plead the affirmative defense of failure of service of process

Fifteenth Affirmative Defense

Mark Wells has no business relationship with Michelle Wells or any defendant.

Sixteenth Affirmative Defense

Defendants plead the affirmative defenses of estoppel, equitable estoppel, and promissory estoppel.

Wherefore Defendants demand judgment plus attorney fees, costs and all other just and proper relief.

MICHAEL WELLS
MICHELLE WELLS
By their attorney,

November 15, 2021

/s/ John B. Ennis
John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
Jbelaw75@gmail.com

Defendants demand a Trial by Jury

CERTIFICATE OF SERVICE

I hereby certify that, on November 15, 2021, I filed and served this document through the Electronic Filing System (EFS) on the following counsel of record:

Jennifer L. Sylvia

/s/ John B. Ennis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AMERICAN SURPLUS, INC.

    VS                                      21-cv-348 WES-PAS

AM DOOR SUPPLY COMPANY, INC.
MARK WELLS
MICHELLE WELLS
MICHAEL WELLS
WELLS INVESTMENT PROPERTIES

MICHELLE WELLS

    VS

AMERICAN SURPLUS, INC

### COUNTERCLAIM OF MICHELLE WELLS

Counterclaim Plaintiff, Michelle Wells ("Michelle Wells") complains of Counterclaim Defendant American Surplus, Inc. ("ASI") as follows:

### Breach of Contract

1. Michelle Wells is a resident of the State of Ohio and a Defendant in this case.

2. ASI is a Rhode Island corporation and a Plaintiff in this case.

3. This Court has diversity jurisdiction as the parties are residents of different states and the amount in controversy is greater than $75,000.00.

4.  In March 2021 Plaintiff and Defendant discussed an agreement between themselves regarding certain Mezzanine material possessed by Plaintiff.

5.  In March 2021, Plaintiff, Michelle Wells and Defendant ASI entered into an oral contract by which ASI agreed to pay Plaintiff $300,000.00 for certain mezzanine material to be transported by Plaintiff to Defendant.

6.  Plaintiff transmitted the mezzanine material to ASI in Rhode Island as per this agreement.

7.  ASI breach this oral contract by receiving the mezzanine material and by not paying the Plaintiff the amount of $300,000.00.

8.  Instead ASI only paid the Plaintiff $155,000.00.

9.  Plaintiff has incurred attorney fees for the prosecution of this action.

10. On information and belief, ASI has sold the material provided to it pursuant to the agreement, to third parties at a profit.

11. Plaintiff has fully complied with the agreement entered into by the parties

12. Plaintiff has incurred damages of $145,000.00 by the failure of ASI to comply with the agreement and provide the balance of the proceeds to the Plaintiff.

### Breach of the Covenant of Good Faith and Fair Dealing

13. Instead of making the payment under the agreement, ASI sued Plaintiff and others in the Rhode Island Superior Court demanding return of the funds paid to Plaintiff along with actual, punitive damages and additional damages for lost profits and additional mezzanine material from Plaintiff.

14. The agreement between the parties includes a covenant of good faith and dealing.

15. The conduct of ASI was willful, wanton and reckless warranting the imposition of punitive damages.

### Unjust Enrichment.

16. ASI has been unjustly enriched by receiving the material and not paying the Plaintiff the balance due of $145,000.00.

Wherefore Plaintiff demands judgment against ASI for damages of $145,000.00. plus interest, costs and all other just and proper relief, including but not limited to attorney fees and costs pursuant to R.I.G.L 9-1-45.

MICHELLE WELLS
By her attorney,

November 15, 2021

/s/ John B. Ennis
John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
Jbelaw75@gmail.com


Plaintiff demands a Trial by Jury


CERTIFICATE OF SERVICE

I hereby certify that, on November 15, 2021, I filed and served this document through the Electronic Filing System (EFS) on the following counsel of record:

Jennifer L. Sylvia

/s/ John B. Ennis